IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPI
NORTHERN DIVISION

**SHERRI WHITE**                                                                                **PLAINTIFF**

**V.**                               **CIVIL ACTION NO. 3:22-CV-549-HTW-RPM**

**COMMISSIONER OF SOCIAL SECURITY**                        **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

BEFORE THIS COURT is the *Report and Recommendation* **[Docket No. 13]** of the United States Magistrate Judge Robert P. Myers, Jr.. In his Report and Recommendation, filed January 30, 2024, Magistrate Judge Myers recommended that this Court affirm the decision of the Commissioner of Social Security, herein ("Commissioner"). Magistrate Judge Myers found the Administrative Law Judge's ("ALJ") hypothetical presented to the vocational expert "properly accounted for White's moderate limitations in concentration, persistence, or pace" and the ALJ's subsequent findings were supported by substantial evidence. *Id.* at 4. Magistrate Judge Myers found further the "ALJ's decision not to include limitations based on an impairment of hand/wrist numbness is supported by substantial evidence", since the 2017 nerve conduction study significantly post-dated the relevant time period. *Id.* at 8. Magistrate Judge Myers directed the Plaintiff, Sherri White, herein ("White") to file any written objections within fourteen (14) days.

On February 13, 2024, White filed an *Objection to the Report and Recommendation* **[Docket No. 14]**, arguing "'[t]he statement that Plaintiff is capable of sustaining simple work tasks for two hours at a time in an eight-hour day' is not equivalent to the statement that Plaintiff is capable of sustaining simple work tasks no more than two hours ay a time. Both statements are not logically exclusive of each other, but they are certainly not equivalent. Only the second is a limitation." *Id.* at 2. White contends the finding of the ALJ, upon which the Report and Recommendation relies,

is not a limitation; as a result, the hypothetical posed to the vocational expert was flawed and the findings thereof were not sufficiently supported.

On February 27, 2024, the Commissioner filed her *Response to Plaintiff's Objections to the Report and Recommendation* **[Docket No. 15]**. The Commissioner urges this Court to accept and adopt the Report and Recommendation, stating "the ALJ's RFC [residual functional capacity] findings and hypothetical question are properly read as setting forth limitations." *Id.* at 2.

Based upon the findings and recommendation contained in the Report and Recommendation **[Docket No. 13]**, this Court finds it well-taken. Magistrate Judge Myers carefully considered the submissions of the parties, the record, relevant law and found the ALJ applied the correct legal standards, and that substantial evidence supports the ALJ's decision. This Court agrees with Magistrate Judge Myers' findings that the ALJ properly incorporated White's mental limitations into the hypothetical presented to the vocational expert and the ALJ's decision not to include limitations based on the 2017 nerve conduction study was supported; therefore, this Court hereby ADOPTS the Report and Recommendation of the Magistrate Judge as the ORDER of this Court.

**SO ORDERED this the** 15th**, day of July 2024.**

/s/HENRY T. WINGATE
**UNITED STATES DISTRICT JUDGE**